UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01902-ACL |
| | ) | |
| ST. CHARLES COUNTY JAIL and | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Rodney A. Campbell brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  [Doc. 3].  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915.  Based on such review, the Court will dismiss this case for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1)

the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a pretrial detainee at the St. Charles County Jail.  [Doc. 1 at 2].  In his signed and sworn motion to proceed without prepaying fees and costs, Plaintiff states that he is not employed, has no income, and has received no money in the past twelve months.  [Doc. 3].  In support of his motion, Plaintiff submitted a non-certified inmate account statement showing account activity for a one-week period.  [Doc. 4].  According to that statement, Plaintiff has significant debt and minimal funds.  Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Background

Based on an independent review of Court records, Plaintiff has filed over twenty (20) civil actions in this Court since December 2025.  Most of these actions

(approximately eighteen (18) of them) name St. Charles County or the St. Charles County Jail as a defendant.[1]  Three (3) of these actions have been dismissed as of the date of this Order,[2] and the remainder are still pending.

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against his place of detention—the St. Charles County Jail—and the State of Missouri.  [Doc. 1 at 1-3].  Plaintiff alleges violations of his Eighth Amendment right to avoid cruel and unusual punishment based on overcrowding in the Jail.  Plaintiff states that, on December 23, 2025, he was housed in a two-man cell with two other inmates, and he was forced to sleep on the floor of the cell.  According to Plaintiff, this constitutes an "inhumane condition" that is "unsafe & unsanitary & [an] injurious environment."  [*Id.* at 3].  Plaintiff also asserts overcrowding issues in the day room where inmates eat their meals.  [*Id.* at 4].  Plaintiff states that there are 38 seats and 45 inmates, so "some [inmates] must sit on the floor."  Plaintiff does not

---

[1] *See Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1784-JMB (E.D. Mo. filed Dec. 8, 2025); *Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1902-ACL (E.D. Mo. filed Dec. 29, 2025); *Campbell v. Unknown,* No. 4:26-cv-24-JMD (E.D. Mo. filed Jan. 5, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-89-MAL (E.D. Mo. filed Jan. 21, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-152-HEA (E.D. Mo. filed Feb. 2, 2026); *Campbell v. St. Charles Cnty., Mo.*, No. 4:26-cv-162-AGF (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-165-RHH (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Johnson,* No. 4:26-cv-203-NCC (E.D. Mo. filed Feb. 6, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-205-SRC (E.D. Mo. filed Feb. 9, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-241-ZMB (E.D. Mo. filed Feb. 17, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-278-ZMB (E.D. Mo. filed Feb. 23, 2026); *Campbell v. St. Charles Cnty.*, No. 4:26-cv-346-MAL (E.D. Mo. filed Mar. 9, 2026); *Campbell v. Johnson*, No. 4:26-cv-444-NCC (E.D. Mo. filed Mar. 26, 2026); *Campbell v. Johnson*, No. 4:26-cv-588-HEA (E.D. Mo. filed Apr. 20, 2026); *Campbell v. Johnson*, No. 4:26-cv-625-JSD (E.D. Mo. filed Apr. 27, 2026); *Campbell v. Johnson*, No. 4:26-cv-626-RHH (E.D. Mo. filed Apr. 27, 2026); *Campbell v. Johnson*, No. 4:26-cv-638-RHH (E.D. Mo. filed Apr. 28, 2026); *Campbell v. Johnson*, No. 4:26-cv-640-SPM (E.D. Mo. filed Apr. 28, 2026).

[2] *See Campbell v. Campanga*, No. 4:25-cv-1901-JMB (E.D. Mo. filed Dec. 29, 2025) (dismissed Feb. 18, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-152-HEA (E.D. Mo. filed Feb. 2, 2026) (dismissed Feb. 18, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-165-RHH (E.D. Mo. filed Feb. 2, 2026) (dismissed Mar. 30, 2026).

- 3 -

assert that he was one of the inmates forced to sit on the floor during meals.  Regardless, he claims that this situation is "unsanitary" and that it "could be potentially injurious" to him or other inmates.  [*Id.*]

Plaintiff explains that he takes medication for paranoia, anxiety, and insomnia, and that the overcrowding situation is "extremely dangerous to [his] physical & mental health." [*Id.* at 3].  However, he does not allege any specific physical or mental injuries resulting from overcrowding, and he left the "Injuries" section of the form Complaint blank.  [*Id.* at 4].

For relief, Plaintiff seeks to be "compensated for [his] pain & suffering" and asks that the "injurious and unsanitary conditions … be remedied."  [*Id.* at 5].

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief

- 4 -

as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts

or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions"

and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by

mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff

must demonstrate a plausible claim for relief, which is more than a "mere possibility of

misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a

plausible claim for relief is a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense.  *Id.* at 679.

**Discussion**

After careful review and liberal construction of Plaintiff's Complaint, the Court

finds that this case must be dismissed.  Defendants St. Charles County Jail and the State

of Missouri are not suable defendant under § 1983.  Regardless, even if Plaintiff had

named a proper defendant, the Court finds that the factual allegations of his Complaint

are insufficient to state a constitutional violation.  As such, this case is dismissed for

failure to state a claim upon which relief may be granted, under 28 U.S.C. § 1915

(e)(2)(B).

**I.      Defendant St. Charles County Jail**

The Complaint is subject to dismissal as to defendant St. Charles County Jail

because jails and local government detention centers are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983).

Furthermore, even if the Court liberally construed Plaintiff's Complaint as bringing claims against the municipality where the Jail sits—St. Charles County—this case would still be subject to dismissal. A governmental entity like the County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). But liability under § 1983 only attaches if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Here, Plaintiff has not alleged that St. Charles County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the allegations. Furthermore, there are no allegations of a pattern of similar constitutional violations on other dates. In this case, Plaintiff states only a single date on which this overcrowding occurred at the Jail– December 23, 2025. [Doc. 1 at 3]. For these reasons, any perceived claim against St. Charles County is subject to dismissal. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate

- 6 -

the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## II.    Defendant State of Missouri

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a 'person' under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Therefore, Plaintiff's § 1983 claim against the State of Missouri will be dismissed for failure to state a claim upon which relief may be granted.

In addition to this ground for dismissal, the Eleventh Amendment[3] bars suit against a State and its agencies. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

## III.    Failure to State a Constitutional Claim

Even if Plaintiff had named a suable defendant under § 1983 in his Complaint, this case would still be subject to dismissal for failure to state a constitutional claim based on the allegations of overcrowding. Plaintiff asserts that on December 23, 2025, he slept in a two-man cell with two other inmates, forcing him to sleep on the floor. On the same

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

date, some inmates (not necessarily Plaintiff) were forced to sit on the floor of the day room at mealtime.  Plaintiff claims that these conditions are unsanitary and unsafe, with no supporting facts and no alleged injuries.  This is not enough to state a constitutional violation.

Because Plaintiff is a pretrial detainee, his constitutional claims fall within the ambit of the Fourteenth Amendment.[4]  *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).  The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution."  *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979).  There are two ways to determine whether conditions rise to the level of punishment.  First, a plaintiff can show that his or her conditions of confinement were intentionally punitive.  *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020).  Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose."  *Id.*  If conditions are arbitrary or excessive, it can be inferred that the purpose of the governmental action is punishment, that may not be constitutionally inflicted upon pretrial detainees.  *Id.*  "However, not every disability

---

[4] Plaintiff brings his conditions of confinement claim under the Eighth Amendment.  However, the Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims concerning their conditions of confinement, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).  However, this distinction makes little difference, as they are entitled to the same protections. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment.").

imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

In determining whether pretrial detention is unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied a deliberate indifference standard. *See Owens v. Scott Cnty. Jail*, 328 F.3d at 1027; *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). In particular, the Eighth Circuit has explained that this standard applies when "the governmental duty to protect at issue … is not based on a pretrial detainee's right to be free from punishment but is grounded in principles of safety and general well-being." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To that end, the Eighth Circuit has held "that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Id.* at 345.

Plaintiff's allegations here do not establish that anyone was deliberately indifferent to his right to adequate shelter. Nor has Plaintiff alleged any intent to punish. One night of sleeping on the floor and one day of sitting on the floor for meals does not constitute an excessive or arbitrary condition of confinement. Furthermore, triple-celling is not in and of itself unconstitutional. *McCree v. Sherrod*, 408 Fed. App'x 990 (7th Cir. 2011); *Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993). According to the Eighth Circuit, triple-celling is only unconstitutional if it leads to "deprivations of essential food, medical care, or sanitation" or if it "increase[d] violence among inmates or create[d] other conditions intolerable for prison confinement."

*Cody v. Hillard*, 830 F.2d 912, 914 (8th Cir. 1987) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)).

In this case, Plaintiff states that the overcrowding is unsanitary and unsafe, but he does not detail any unsanitary or unsafe conditions that he was forced to endure.  For example, he makes no allegation that he was forced to sleep under a bunk or that he was forced to sleep near a toilet.  Furthermore, although he makes conclusory remarks about damage to his physical and mental health, he provides no facts in support of such damage.  He states that he has preexisting medical conditions of paranoia, anxiety, and insomnia, but he does not allege that the overcrowding caused any exacerbation of these conditions.  Plaintiff's conclusory complaints regarding sleeping and eating on the floor for one day and night do not meet the punitive standard.  *See Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981) ("a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts") (citation omitted).  Therefore, Plaintiff's allegations fail to state a violation of a constitutional right.

## IV.    Failure to State a Claim for Money Damages

Finally, Plaintiff's Complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages.  The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury.").

- 10 -

In this case, Plaintiff left the "Injuries" section of the Complaint blank, and he states that he seeks compensation for "pain & suffering." [Doc. 1 at 5]. He asserts no physical injury as a result of the alleged constitutional violations. As such, the PLRA bars recovery of compensatory damages in this action.

## Conclusion

The Court will grant Plaintiff's motion to proceed *in forma pauperis* and order the initial partial filing fee payment of $1.00. However, because Plaintiff's Complaint fails to state a claim upon which relief may be granted as to both defendant St. Charles County Jail and the State of Missouri, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants St. Charles County Jail

- 11 -

and the State of Missouri are **DISMISSED without prejudice**.  *See* 28 U.S.C. §

1915(e)(2)(B).

     **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be

taken in good faith.

     An Order of Dismissal will accompany this Memorandum and Order.

     Dated this 5th day of May, 2026.


                                 STEPHEN N. LIMBAUGH, JR.
                                 SENIOR UNITED STATES DISTRICT JUDGE